# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD SCOTT JONGEWARD,<br><br>    Petitioner,<br><br>vs.<br><br>CHARLES RYAN, et al.,<br><br>    Respondents. | CV-08-0562-PHX-GMS (JJM)<br><br>**REPORT & RECOMMENDATION** |

Petitioner Richard Scott Jongeward, presently incarcerated at the Great Plains Correctional Facility, Hinton, Oklahoma, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Marshall for Report and Recommendation. Before the Court are the Petition (Doc. 1) and Respondents' Answer (Docs. 20, 27). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On September 22, 2004, Jongeward pled guilty to a Class 4 felony, taking the identity of another with one historical prior conviction (CR2004-12799-001-SE). (Ex. NN.)[2] The

---

[1] On September 9, 2009, the District Court issued an order consolidating Case No. CV 08-0562-PHX-GMS and Case No. CV 09-1252-PHX-GMS, with Case No. CV 08-0562-PHX-GMS as the lead case (Doc. 23). This Report and Recommendation addresses the claims originally raised in Case No. 08-0562-PHX-GMS. The claims originally raised in Case No. 09-1252-PHX-GMS will be addressed by separate Report and Recommendation.

[2] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Writ of Habeas Corpus (Doc. 20).

Maricopa County Superior Court sentenced him to 4.5 years imprisonment on November 18, 2004. (Ex. RR.)

Jongeward filed a Notice of Post-Conviction Relief (PCR) in the superior court on December 6, 2004. (Ex. SS.) Jongeward's appointed PCR counsel found no viable issues and moved for a time extension to allow Jongeward to file a pro se brief. (Ex. TT.) Jongeward subsequently filed a pro se petition, which the court denied on August 17, 2005. (Exs. UU, XX.) Jongeward filed a petition for review to the court of appeals, which the court summarily denied on July 21, 2006. (Exs. AAA, CCC.)

## DISCUSSION

On March 21, 2008,[3] Jongeward filed a federal habeas corpus petition alleging four grounds for relief: (1) ineffective assistance of counsel for failing to challenge the indictment, file appropriate pre-trial motions and object to the prosecutor's conflict of interest, and for allowing him to be pressured into the plea deal and not helping him withdraw from the plea; (2) his plea was coerced in violation of due process by the actions of the judge, the prosecutor and defense counsel; (3) the indictment violated due process and equal protection; and (4) prosecutorial misconduct based on a conflict of interest, coercion of a plea and selective prosecution. (Doc. 1.) Petitioner's overarching issue is that he was indicted and convicted for the felony of taking an identity when he should have been charged only with the misdemeanor of providing false information to a police officer.

In their original answer, Respondents asserted that the Court lacked subject matter jurisdiction to resolve the pending habeas petition because Jongeward's sentence expired before he signed the petition. (Doc. 20 at 13-15.) The Court requested supplemental briefing on this issue. (Doc. 28.) In their supplemental answer, Respondents withdrew this argument and conceded that the Court had subject matter jurisdiction over the petition. (Doc. 29 at 3.) Respondents continue to argue that all of Jongeward's claims are procedurally defaulted. (Doc. 20 at 15; Doc. 29 at 4-5.) As discussed below, the Court agrees.

---

[3] Respondents waived a statute of limitations defense. (Doc. 20 at 12 n.7.)

2

**Exhaustion and Procedural Default Standard**

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). If a habeas claim includes new factual allegations not presented to the state court, it may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

Exhaustion requires that a petitioner clearly alert the state court that he is alleging a specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to due process not sufficient to present substance of federal claim); *Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked specificity and explicitness required); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion"). A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or case law, *Lyons*, 232 F.3d at 670, or by citing state cases that plainly analyze the federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc); *cf. Fields v. Washington*, 401 F.3d 1018, 1022 (9th Cir. 2005) (mere citation to a state case that conducts both a state and federal law analysis does not, by itself, satisfy exhaustion).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR

petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition or not presented in a timely manner. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray*, 518 U.S. at 161-62.

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

**Exhaustion and Procedural Default Analysis**

Petitioner's PCR petition is cursory and is comprised solely of a state court form with no attached pages. (Ex. UU.) Therefore, the Court finds it most expedient to set forth exactly what he presented in that petition and compare it to the claims set forth in his federal petition. In the section of the PCR petition form providing possible reasons why Petitioner was eligible for relief, he checked only the box stating, "[t]he introduction at trial of evidence

4

obtained pursuant to an unlawful arrest." (*Id.* at 2.) In the section that allowed him to write in any other grounds for relief, Petitioner stated "original arrest was (false reporting) Judge on arraignment date verified facto-nolo." (*Id.* at 3.) The form directed Petitioner to include supporting facts in an attachment, however, he did not attach anything. (*Id.*) Petitioner requested a new trial, correction of sentence and "[r]elief under statutes of probable cause clause and arresting or detainment of originality." (*Id.* at 5.)

There is only one similar factual issue asserted in both the PCR petition and the federal habeas petition and it is not specific to any claim – that Jongeward was originally arrested for false reporting but was convicted of identify theft. (Ex. UU; Doc. No. 1 at 6, 8.) Petitioner did not assert in state court the factual basis for any of the claims alleged here – ineffective assistance of counsel, coerced plea, unlawful indictment or prosecutorial misconduct. Two of these options were listed on the PCR petition form as available bases for relief, denial of competent representation and an unlawfully induced guilty plea; however, Jongeward did not mark these options on the form. (*Id.* at 2-3.)

Regardless of the factual allegations, the most critical information revealed by review of the PCR petition is that Jongeward did not assert any federal constitutional violations before the PCR court. The form provided as an available basis for relief, "[t]he abridgment of any other right guaranteed by the . . . constitution of the United States." (Doc. No. 20 at 3.) Jongeward did not mark this box or otherwise alert the PCR court that he was alleging any federal claims. Therefore, Jongeward failed to fairly present Claims 1 to 4 to the PCR court.[4] *See Gray*, 518 U.S. at 163.

In his petition for review to the Arizona Court of Appeals, Petitioner alleged additional facts, many of which overlap with the facts asserted in his federal petition. (*Compare* Ex. AAA, *with* Doc. No. 1.) However, he did not assert any federal constitutional

---

[4] After the August 17, 2005 denial of his PCR petition, but likely prior to Jongeward's receipt of the ruling, he filed additional allegations in support of his PCR petition. (Ex. YY.) This filing is irrelevant to the Court's fair presentation analysis because it was filed after the PCR petition was dismissed and there is no indication it was considered by any state court. Additionally, Petitioner did not raise any federal claims in that document. (*Id.*)

5

claims relating to those facts.[5] (Ex. AAA.) More importantly, exhaustion requires properly raising and fairly presenting a claim at every appropriate state court level. *See Casey v. Moore*, 386 F.3d at 915-16. In Arizona, a PCR petition must present every known ground for relief. Ariz. R. Crim. P. 32.5. Language to that effect was included in the PCR petition form used by Jongeward. (Ex. UU at 1.) Further, a petition for review from denial of a PCR petition in Arizona is a forum to request relief from the PCR court's actions, not to raise new claims. Ariz. R. Crim. P. 32.9(c). Therefore, raising claims for the first time to the appellate court was insufficient to fairly present any claims to the Arizona state courts.

Claims 1 to 4 were not fairly presented to the Arizona state courts. If Jongeward were to return to state court now to litigate these claims, they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, Claims 1-4 are technically exhausted but procedurally defaulted. Jongeward has not alleged cause and prejudice or a fundamental miscarriage of justice to overcome these defaults. *See Coleman*, 501 U.S. at 750.

The Court finds that Claims 1 to 4 are procedurally defaulted, and Jongeward has not established cause and prejudice or a fundamental miscarriage of justice to overcome the defaults.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The

---

[5] In the petition for review, Jongeward cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), as possible grounds for relief. (Ex. AAA at 3.) These cases are irrelevant to the claims before this Court, therefore, their citation has no bearing on fair presentation. Further, Jongeward mentions freedom of speech in support of his assertion that a four-and-a-half year sentence is excessive for lying. Again, Petitioner does not assert before this Court a claim founded on this legal basis. (*Id.*)

parties are advised that any objections filed are to be identified with the following case number: **CV-08-0562-PHX-GMS**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 6th day of August, 2010.

Jacqueline Marshall
United States Magistrate Judge